FILED

NOT FOR PUBLICATION

FEB 16 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY ARTHUR BUSH, | No. 09-55465 |
| Petitioner - Appellant, | D.C. No. 3:01-cv-00142-J-NLS |
| v. | |
| CHERYL K. PLILER, Warden; ATTORNEY GENERAL, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Submitted February 14, 2011[**]
Pasadena, California

Before: ALARCÓN, RYMER, and BYBEE, Circuit Judges.

Appellant Anthony Bush appeals the district court's denial of his petition for

writ of habeas corpus. Because the facts are familiar to the parties, we will not

recite them here. Upon consideration of the law, arguments, and record, we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

We find that the prosecutor's stated reasons for striking the prospective alternate juror were race-neutral. We also reject Bush's argument that the prosecutor's testimony was mere speculation. The prosecutor's testimony was based on some independent recollection of the trial proceedings, as well as recollection refreshed by review of the voir dire transcript, which included a record of her questions to the prospective juror. In this case, "the transcript of jury voir dire itself illuminate[d] the prosecutor's actual reasons" for peremptorily striking the prospective juror. *Paulino v. Harrison*, 542 F.3d 692, 701 n.8 (9th Cir. 2008). Here, "the transcripts of voir dire and the evidentiary hearing yield a sufficient basis for review," *Turner v. Marshall*, 121 F.3d 1248, 1251 (9th Cir. 1997), and the government has met its *Batson* step two "burden of producing specific reasons for [the prosecutor's] challenges." *Id.*

Finally, we reject Bush's argument that comparative analysis reveals purposeful racial discrimination. The record reveals that none of the other jurors was sufficiently similar to the prospective alternate juror to provide comparisons that "reveal[] racial reasons for the prosecutor's dismissal" of the prospective alternate juror in question. *Turner*, 121 F.3d at 1255. We conclude that the district court did not clearly err in finding no purposeful racial discrimination. *See*

2

*Paulino,* 542 F.3d at 699 (reviewing *Batson* step three for clear error); *Turner*, 121

F.3d at 1255.

AFFIRMED.